Etta E. Maynard v. Commissioner.
Maynard v. Commissioner
Docket No. 2872-70 SC.
United States Tax Court
T.C. Memo 1971-23; 1971 Tax Ct. Memo LEXIS 308; 30 T.C.M. (CCH) 109; T.C.M. (RIA) 71023; February 1, 1971, Filed. Etta E. Maynard, pro se, 2924 Isabelle Ave., San Mateo, Calif. Lawrence G. Becker, for the respondent. SACKS Memorandum Findings of Fact and Opinion SACKS, Commissioner: Respondent determined a deficiency in petitioner's income tax for the taxable year 1968 in the amount of $125.03. The issue is whether petitioner is entitled to a dependency exemption in 1968 for her sister. Findings of Fact Etta E. Maynard, hereinafter referred to as petitioner, is an individual who resided in San Mateo, California at the time of the filing of her petition herein. Her Federal income tax return for the taxable year 1968 was filed with the district director of internal revenue at San Francisco, California. Prior to June, 1968 petitioner's sister, *309 Connie Maynard (sometimes hereinafter referred to as Connie), resided with her mother in Lexington, Kentucky. Sometime subsequent to June, 1968 Connie left Lexington and moved to San Mateo, California where she resided with her sister, petitioner herein, for the balance of the year. In September of 1968, Connie became a full time student at San Mateo College. She also turned 19 years of ageduring the year. Connie was employed in 1968 and she had gross income for the year in excess of $1,408.92. Petitioner contributed to Connie's support in 1968 in the amount of $1,950. On her income tax return for the taxable year 1968 petitioner claimed Connie as a dependent. This claim was disallowed by respondent on the ground that Connie did not qualify as a dependent of petitioner within the purview of section 151 (e) of the Internal Revenue Code of 1954. Opinion Section 151 of the Internal Revenue Code of 1954 permits an individual taxpayer a deduction for personal exemptions for himself, his spouse, and his "dependents." In order to qualify as a dependent of the taxpayer, for the year 1968, an individual must, under section 151(e) either: *310 (1) have gross income of less than $600 for the calendar year in which the taxable year of the taxpayer begins or (2) be a child of the taxpayer who either has not attained the age of 19 years during the taxable year, or is a student. In the instant case, Connie meets neither of these tests. For the year 1968 she did not have gross income of less than $600 - her gross income for the year being at least $1,408.92 - nor was she a "child" of the petitioner. She is, accordingly, not a dependent of petitioner under the statute and petitioner is not entitled to claim her as such. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for respondent. 110